Xue Huang, Esq.
HUANG, CHEN & WU PLLC
38-08 Union Street Suite 9B
Flushing, New York 11354
Telephone: (718) 886-5900
Facsimile: (718) 886-5993
xhuang@hcwlawgroup.com

*Counsel to Defendant*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| In re: | : | Case No.: 20-18445 (JKS) |
| RTW RETAILWINDS, INC.,[1] | : | Chapter 11 |
| Debtor. | : | **Judge: Hon. John K. Sherwood** |
| META Advisors LLC, in its capacity as Liquidation Trustee of the RTW Liquidation Trust, | : | |
| Plaintiff, | : | |
| v. | : | Adv. Pro. No. 22-01171 (JKS) |
| LINK FASHION NEW YORK INC., | : | |
| Defendant. | : | |

**ANSWER TO COMPLAINT**

Defendant LINK FASHION NEW YORK INC. ("**Defendant**"), by its undersigned counsel, answer META Advisors LLC ("**Plaintiff**"), complaint ("**Complaint**") as follows:

**THE PARTIES**

---

[1] The remaining Debtor in this Chapter 11 case and the last four digits of the Debtor's federal tax identification number is RTW Retailwinds, Inc. (1445). By order and final decree entered February 22, 2021, the chapter 11 cases of the Debtor's affiliates were closed [Docket No. 844].

1

1. Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 1 of the Complaint.

2. Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 2 of the Complaint.

3. Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 3 of the Complaint.

4. Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 4 of the Complaint.

5. Defendant denies the allegation contained in Paragraph 5 of the Complaint, except to admit that Defendant is a New York corporation.

## JURISDICTION AND VENUE

6. Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 6 of the Complaint and respectfully refers the Court to the underlying statutes for the precise and accurate interpretation.

7. Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 7 of the Complaint and respectfully refers the Court to the underlying statutes for the precise and accurate interpretation.

8. Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 8 of the Complaint and respectfully refers the Court to the underlying statutes for the precise and accurate interpretation.

9. Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 9 of the Complaint and respectfully refers the Court to the underlying statutes for the precise and accurate interpretation.

### BASIS FOR RELIEF REQUESTED

10. Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 10 of the Complaint and respectfully refers the Court to the underlying statutes for the precise and accurate interpretation.

11. Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 11 of the Complaint.

12. Defendant admits the fact contained in Paragraph 12 of the Complaint.

13. Defendant denies the allegation contained in Paragraph 13 of the Complaint, except to admit the Debtor made payments during the Preference Period.

14. Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 14 of the Complaint and respectfully refers the Court to the underlying statutes for the precise and accurate interpretation.

15. Defendant denies the allegation contained in Paragraph 15 of the Complaint, except to admit that Defendant received the Demand Letter.

16. Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 16 of the Complaint.

17. Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 17 of the Complaint.

## **FIRST CLAIM FOR RELIEF**

18. Defendant denies each and every allegation contained in Paragraph 18 of the Complaint, except as otherwise pled herein.

19. Defendant admits the fact contained in Paragraph 19 of the Complaint.

20. Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 20 of the Complaint.

21. Defendant denies each and every allegation contained in Paragraph 21 of the Complaint.

22. Defendant denies each and every allegation contained in Paragraph 22 of the Complaint and respectfully refers the Court to the underlying statutes for the precise and accurate interpretation.

23. Defendant denies each and every allegation contained in Paragraph 23 of the Complaint and respectfully refers the Court to the underlying statutes for the precise and accurate interpretation.

24. Defendant denies each and every allegation contained in Paragraph 24 of the Complaint and respectfully refers the Court to the underlying statutes for the precise and accurate interpretation.

25. Defendant denies each and every allegation contained in Paragraph 25 of the Complaint.

26. Defendant admits the fact contained in Paragraph 26 of the Complaint.

27. Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 27 of the Complaint and respectfully refers the Court to the underlying statutes for the precise and accurate interpretation.

## **SECOND CLAIM FOR RELIEF**

28. Defendant denies each and every allegation contained in Paragraph 28 of the Complaint, except as otherwise pled herein.

29. Defendant denies each and every allegation contained in Paragraph 29 of the Complaint.

30. Defendant denies each and every allegation contained in Paragraph 30 of the Complaint.

### THIRD CLAIM FOR RELIEF

31. Defendant denies each and every allegation contained in Paragraph 31 of the Complaint, except as otherwise pled herein.

32. Defendant denies each and every allegation contained in Paragraph 32 of the Complaint.

33. Defendant denies each and every allegation contained in Paragraph 33 of the Complaint.

34. Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 34 of the Complaint and respectfully refers the Court to the underlying statutes for the precise and accurate interpretation.

### FIRST AFFIRMATIVE DEFENSE

35. The Complaint fails to state a cause of action upon which relief may be granted.

### SECOND AFFRIMATIVE DEFENSE

36. The Complaint is barred, in whole or in part, due to the statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

37. The Complaint is barred by the doctrines of waiver and acquiescence.

### FOURTH AFFIRMATIVE DEFENSE

38. The Complaint is barred, precluded, or limited by the doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE

39. The Complaint is barred, precluded, or limited due to the doctrine of promissory estoppel and/or equitable estoppel.

### SIXTH AFFIRMATIVE DEFENSE

40. The Complaint is barred, precluded, or limited due to accord and satisfaction.

### SEVENTH AFFIRMATIVE DEFENSE

41. Plaintiff's claims are barred because the Defendant provided value in exchange for the transfers and acted in good faith.

### EIGHTH AFFIRMATIVE DEFENSE

42. Plaintiff's claims are barred because some or all of the alleged preferential transfers were made in the ordinary course of business within the meaning of 11 U.S.C. §547(c)(2).

### NINTH AFFIRMATIVE DEFENSE

43. The answering Defendant reserves the right to assert additional affirmative defenses as such defenses become known through investigation, discovery, or otherwise.

### JURY DEMAND

Defendant hereby demands trial by jury on all issues so triable.

**WHEREFORE**, Defendant respectfully requests that the Court:
a) Deny all relief sought in the Complaint, in its entirety;
b) Enter judgment in Defendant's favor dismissing the Complaint with prejudice;
c) Award Defendant its reasonable costs and fees, including attorneys' fees; and
d) Grant Defendant such other and further relief as the Court deems just and proper.

Dated: November 22, 2022

Respectfully submitted,

HUANG, CHEN & WU PLLC

  /s/ Xue Huang

Xue Huang, Esq.
38-08 Union Street Suite 9B
Flushing, New York 11354
Telephone: (718) 886-5900
Facsimile: (718) 886-5993
xhuang@hcwlawgroup.com

*Attorneys for Defendant*